ORIGINAL

JOHN HARRIS PAER, ESQ.   #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 5 2007

at 10 o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES PATRICK DONNELLY, ) | CIVIL NO. CV07 00114 SOM KSC |
| Plaintiff, ) | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; EXHIBITS "A and B"; SUMMONS; |
| vs. ) | |
| ACCREDITED HOME LENDERS, INC., ) | |
| Defendants. ) | |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, by and through his undersigned attorney and allege as follows:

INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Truth in Lending Act" 15 U.S.C. Section 1601, et seq., to rescind, recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 12 C.F.R. § 226, commonly known as Regulation Z. Plaintiff seeks actual and statutory damages arising out of Defendants' misrepresentations and improper disclosures.

## JURISDICTION

2.  The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1640(e) and 28 U.S.C.A. Sections 1331, 1332 and 1337. There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. The supplemental jurisdiction of this Court is invoked over Counts II and III of the Complaint, which arise under Chapter 480 of the Hawaii Revised Statutes and under other state laws. Jurisdiction of the state claims is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3.  Plaintiff is a natural person and is a resident and citizen of the State of Hawaii.

4.  Defendant is a foreign corporation doing business in the State of Hawaii.

## FACTS

5.  Within the year prior to the filing of this action, Defendant, in the ordinary course of business, regularly extended credit to its consumer customers for which a finance charge was imposed and/or accepted assignment of such consumer debt.

6.  Defendant and/or its agent orally promised and represented to Plaintiff that he would get "100% financing" and pay

only ½ point.  Defendant's advertisement is attached hereto as Exhibit "A".

7. At that time, Defendant knew that its representations were untrue, but made the above representations with the intent to induce Plaintiff into accepting the loan described herein.

8. Plaintiff relied upon the above representation and was justified in his reliance.

9. Plaintiff suffered detriment as a direct result of his reliance on that above-described promise.

10. On September 26, 2006, Plaintiff entered into a loan transaction with Defendant.  A true copy of the disclosure statement given to Plaintiff in connection with that loan is attached hereto as Exhibit "B".

11. A true copy of the Notice of Right to Cancel given to Plaintiff for that loan is attached hereto as Exhibit "C".

12. The above debt was incurred primarily for personal, family, or household purposes.

13. The above indebtedness was secured by a mortgage on Plaintiff's principal residence.

14. Upon information and belief, Defendant is the present holder of the above described note and mortgage.

15. The loan documents were back dated to show a closing date of September 25, 2006.

16. Plaintiff received no documents at closing.

17. On September 29, 2006, Plaintiff was given his loan documents and for the first time was given a good faith estimate.

18. On that date, for the first time, Plaintiff learned that the loan was not 100% financing as represented and that he had been charged two points for the loan.

19. Plaintiff stated that he wanted to cancel the loan, but was told that the loan was already funded and there was nothing he could do.

20. On March 2, 2007, Defendant through his counsel, via certified mail, sent Defendant a letter which stated that Plaintiff was rescinding the above described loan. A true copy of that letter is attached hereto as Exhibit "D".

21. Plaintiff again rescinds the above-described loan, and all other transactions he had or has with Defendant.

22. Plaintiff will be irretrievably harmed if Defendant continues to refuse to rescind the loan and proceeds with collection of the loan and/or foreclosure upon his home.

COUNT I

23. Plaintiff realleges and incorporates paragraphs 1 through 22 of this Complaint.

24. Defendants have violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

(a)  the Annual Percentage Rate,

    (b) the Finance Charge,

    (c) the Amount Financed,

    (d) the Total of Payments and Payment Schedule,

    (e) the Security Interest,

    (f) the Notice of Right To Rescind, and

    (g) by failing to honor Plaintiffs' rescission letter and request to rescind the loan transaction.

  25. Plaintiff has suffered serious personal as well as pecuniary injury and emotional harm as a result of Defendant's actions as described above.

## COUNT II

  26. Plaintiff realleges and incorporates paragraphs 1 through 25 of this Complaint.

  27. Defendant has violated Chapter and 480 of the Hawaii Revised Statutes as alleged above.

  28. Defendant's violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

  29. The promises as to the points, the 100% financing, the failure to give documents timely and at closing, the charges and disclosure of those charges and terms in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

30. Defendant's giving to Plaintiff an improper Notice of Right to Cancel is unfair and deceptive, in violation of H.R.S. Chapter 480.

31. Defendants' refusal to honor Plaintiff's rescission is unfair and deceptive, and is a separate violation of HRS §480-2.

32. Plaintiff has suffered injury to his property in an amount to be proved at trial by reason of Defendant's violations.

WHEREFORE, Plaintiffs pray that the Court:

AS TO COUNT I

1. Award Plaintiff his actual damages as will be proved at trial.

2. Enjoin Defendant from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, its security interest in the subject property;

3. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and order Defendants immediately to return to Plaintiff all finance charges paid pursuant to that credit transaction, and direct that Plaintiff has no further obligation of payment to any Defendant.

4. Order Defendant to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

5. Order Defendant to delete any adverse information regarding Plaintiff that it has reported to any consumer (credit) reporting agency; and enjoin Defendant from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

AS TO COUNT II

6. Award Plaintiff damages in the amount of three times the injury to his property, but not less than $1,000.00;

7. Declare the above transaction null and void.

8. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and direct that Plaintiff has no further obligation of payment to Defendant.

9. Order Defendant to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

10. Order Defendant to delete any adverse information regarding Plaintiff that it has reported to any consumer (credit) reporting agency; and enjoin Defendant from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

<u>AS TO ALL COUNTS</u>

11. Declare Defendant's security interest in the subject property void, and enjoin Defendant from taking any action towards collection of the loan and/or foreclosure of its security interest in the subject property;

12. Award Plaintiff his reasonable attorneys' fees and costs of Court.

13. Award Plaintiff such other and further relief as the Court deems appropriate.

DATED:  Honolulu, Hawaii, _March 5, 2007_.

_____
JOHN HARRIS PAER
Attorney for Plaintiff